Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Patrick H. Peluso*
  ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

**Pro Hac Vice* to be filed

*Attorneys for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TAMARA MILLER,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**FINANCE OF AMERICA REVERSE, LLC,** d/b/a **AMERICAN ADVISORS GROUP,** a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tamara Miller ("Miller" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Finance of America Reverse, LLC, d/b/a American Advisors Group ("AAG" or "Defendant") to (1) stop its practice of placing calls using an "artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior written express consent to receive them, and (3) obtain redress for all persons injured by their conduct.  Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant AAG is a Delaware corporation that engages in the practice of manufacturing and offering financing options including reverse mortgages to homeowners.

2. A reverse mortgage is a mortgage loan, usually secured by residential property, that enables the borrower to access the unencumbered value of the property.

3. Unfortunately for consumers, Defendant casts its marketing net too wide.  That is, in an attempt to promote its business and generate leads for services, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the repeated making of unsolicited, prerecorded phone calls to consumers' phones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

4. By making the prerecorded and autodialed calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual

harm and cognizable legal injury.  This includes: (1) the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, (2) wear and tear on their telephones, (3) loss of battery life, (4) loss of value realized for the monies consumers paid to their carriers for receipt of such calls, and (5) the diminished use, enjoyment, value and utility of their telephone plans.  Furthermore, Defendant made the calls knowing they interfered with Plaintiff and other Class members' use and enjoyment of, and the ability to access their phones including the related data, apps, software, and hardware components.

5.  The TCPA was enacted to protect consumers from prerecorded phone calls like those alleged and described herein.  In response to Defendant's unlawful conduct, Plaintiff brings this action seeking injunctive relief, requiring Defendant to cease all prerecorded telephone calling activities to telephones without first obtaining prior express consent that is required by the TCPA, as well as an award of statutory damages to the members of the Class under the TCPA, together with costs, pre and post-judgment interest, and reasonable attorneys' fees.

**PARTIES**

6.  Plaintiff Tamara Miller is a natural person and resident of Tampa, Florida.

7.  Defendant AAG is a corporation organized and existing under the laws of Delaware with its headquarters located at 18200 Von Karman Ave., Suite 150, Irvine, California 92612.  On information and belief, AAG officers and directors exert operational control over their call centers and control the business strategy and daily operations of AAG, including AAG's sales, marketing strategy, and unlawful telemarketing activities.

**JURISDICTION AND VENUE**

8.  The Court has subject matter jurisdiction over this action pursuant to

CLASS ACTION COMPLAINT
-3-

28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

9. This Court has personal jurisdiction over AAG because, on information and belief, it has solicited and entered into business contracts in this District, and it is headquartered in this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this district.

**COMMON FACTUAL ALLEGATIONS**

11. Defendant is a company that offers financing options for homeowners, including reverse mortgages.

12. In recent years, AAG and other similar companies have turned to unsolicited telemarketing as a way to increase their customer base. Widespread telemarketing is one of the primary methods by which the Defendant recruits new customers.

13. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

14. Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to make these prerecorded telemarketing calls to residential telephone numbers.

15. Defendant utilized prerecorded voice or voice message when making the calls.

16. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being made to consumers' residential telephones through its own efforts and its agents. All calls were made on behalf of, and for the benefit of the Defendant.

17. Defendant AAG knowingly made (and continues to make) unsolicited telemarking calls without the prior express written consent of all call recipients. In so doing, Defendant not only invaded the personal privacy of the Plaintiff and members of the putative Class, but Defendant also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

18. On June 16, 2020, Plaintiff answered a telephone call placed to Plaintiff's cellphone (with a number ending in 5895) from (985) 228-9301, and was greeted by a pre-recorded avatar voice. The avatar asked how much Plaintiff paid on her mortgage and the amount remaining on the mortgage. This call was placed by or on behalf of AAG, for AAG's benefit.

19. Plaintiff received six (6) additional prerecorded calls from or on behalf of AAG. These calls were received on June 17, 2020, 3 calls on June 23, 2020, June 29, 2020, and July 7, 2020.

20. Plaintiff has never provided her prior express written consent for Defendant to call her using an autodialer or a pre-recorded voice.

21. By making unauthorized prerecorded and autodialed calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her phone, and caused wear and tear to the phone's hardware (including the phone's battery). In the present case, a consumer could be subjected to many unsolicited calls as the Defendant ignores the requirement of prior express written consent.

22. In order to redress these injuries, Plaintiff on behalf of herself and the Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.*

23. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unlawful telemarketing activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Classes:

> **Prerecorded No Consent Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) made prerecorded calls, (2) to the person's cellular telephone or residential telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly

obtained prior express written consent to send prerecorded calls to the Plaintiff.

25.  The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

26.  **Numerosity**: The exact size of the Classes unknown and not available to Plaintiff at this time, but it clear that individual joinder is impracticable. On information and belief, Defendant made prerecorded calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

27.  **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

    a.  Whether Defendant's conduct constitutes a violation of the TCPA;

    b.  Whether Defendant made calls (or had calls made on its behalf or for its benefit) using a prerecorded voice or recorded messages;

  c. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

  d. Whether Defendant obtained prior express consent to contact any class members using a prerecorded voice.

28. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

29. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a

single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION

### Telephone Consumer Protection Act

### (Violation of 47 U.S.C. § 227)

### (On behalf of Plaintiff and the Prerecorded No Consent Class)

30. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

31. Defendant made prerecorded calls to residential telephone numbers belonging to Plaintiff and other members of the Prerecorded No Consent Class without first obtaining prior express written consent to receive such calls.

32. Defendant made the prerecorded calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

33. By making the prerecorded calls to Plaintiff and the residential telephones of members of the Prerecorded No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

34. The calls were for telemarketing purposes and announced the commercial availability of Defendant's hearing aid goods and services.

35. Neither Plaintiff nor any other member of the proposed Class had any established business relationship with either Defendant.

36. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

37. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and Class Members;

3. Treble damages in case willful or knowing violations are proven

4. An order declaring that Defendant's actions, as set out above, violate the TCPA,

5. An injunction requiring Defendant to cease all unsolicited prerecorded calling and autodialing activities, and otherwise protecting the interests of the Classes;

6. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

7. An award of pre- and post-judgment interest; and

8. Such other further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be tried.

Dated: May 11, 2023

**TAMARA MILLER,** individually and on behalf of all others similarly situated,

By: /s/ *Aaron D. Aftergood*

One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*
*pro hac vice application to be filed